UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNETTE CADET,<br><br>      Plaintiff,<br>  v.<br><br>OVERLAKE HOSPITAL MEDICAL CENTER,<br><br>      Defendant. | CASE NO. 2:24-cv-01452-LK<br><br>ORDER GRANTING MOTION TO DISMISS |

   This matter comes before the Court on Defendant Overlake Hospital Medical Center's Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim. Dkt. No. 11. Plaintiff Annette Cadet, who is proceeding pro se and *in forma pauperis*, opposes the motion. Dkt. No. 17. For the reasons set forth below, the Court grants the motion and dismisses Ms. Cadet's complaint with leave to amend.

## I. BACKGROUND

   Ms. Cadet filed her complaint in this Court on September 12, 2024 alleging claims against Overlake under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination and

ORDER GRANTING MOTION TO DISMISS - 1

1  harassment based on her sex, race, and perceived disability status. Dkt. No. 5 at 3, 6. She contends
2  that she "was continually harassed, bullied and discriminated against by a group of Asian co-
3  workers working in food and beverages department (kitchen)[] [b]ecause [she is] black and first
4  female to do dishwasher position." *Id.* at 5. Specifically, she avers that her coworkers made
5  comments about her "doing [a] male job" and made "negative comments about pregnancy for big
6  belly." *Id.* She also notes that a "black male quit the job because he believe[d] it was too much for
7  one person." *Id.* at 6. When Ms. Cadet was hired in December 2023, "the Asian [F]ilipinos were
8  unhappy with [her,] saying: black people are lazy, Black people [are] not smart[,] Black people
9  are slow[.]" *Id.* As a result of these comments, Ms. Cadet "suffered humiliation" at the hands of
10 her coworkers. *Id.* at 5.

11     Ms. Cadet is also "suing management for lack of training[.]" *Id.* She seeks $200,000 in
12 economic and emotional distress damages. *Id.*

13     On November 20, 2024, Overlake filed this motion to dismiss. Dkt. No. 11. It contends
14 that Ms. Cadet has not effected service as required. *Id.* at 1. On October 31, 2024, Ms. Cadet
15 "effect[ed] service herself" and "serv[ed] only the Summons." *Id.* at 3. Specifically, Overlake's
16 Human Resources Coordinator avers that Ms. Cadet delivered "a single piece of paper," which
17 was "a copy of the summons" in this case; Ms. Cadet did not include a copy of the complaint. Dkt.
18 No. 12 at 1. Consequently, Overlake seeks dismissal based on insufficient service of process. Dkt.
19 No. 11 at 2–3. It also seeks dismissal for failure to state a claim. *Id.* at 3–7.

20            **II.    DISCUSSION**

21 A.    **Legal Standards**

22     Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory
23 or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular*
24 *Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Although the Court construes pro se

complaints liberally, *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought," Fed. R. Civ. P. 8(a). A plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1]

In addition, Federal Rule of Civil Procedure 12(b)(5) provides for dismissals for insufficient service of process. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). And when, as here, "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a showing of good cause, *id.*, and retains broad discretion absent such a showing to

---

[1] Ms. Cadet requests that the Court deny the motion to dismiss because she is an immigrant and English is her third language. Dkt. No. 17 at 1. However, pro se litigants must adhere to the same procedural requirements as other litigants. *See, e.g.*, *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

ORDER GRANTING MOTION TO DISMISS - 3

dismiss the action or extend the period for service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Fairbank v. Underwood*, 986 F. Supp. 2d 1222, 1228 (D. Ore. 2013).

**B.    The Court Strikes Ms. Cadet's Surreply**

After Overlake filed its reply in support of its motion to dismiss, Ms. Cadet filed her own reply. Dkt. No. 20. A party may file a surreply that "requests to strike material contained in or attached to a reply brief[.]" LCR 7(g). A surreply "shall be strictly limited to addressing the request to strike. Extraneous argument or a surreply filed for any other reason will not be considered." LCR 7(g)(2). Ms. Cadet's surreply is not limited to "requests to strike material" in Overlake's reply brief and instead substantively responds to Overlake's arguments. *See generally* Dkt. No. 20. Because Local Civil Rule 7(g) does not allow a surreply under those circumstances, the Court does not consider the surreply. Ms. Cadet is reminded that all parties, including those proceeding pro se, are required to comply with the Court's orders and rules, and the Court may impose sanctions for further violations.

**C.    The Court Dismisses the Complaint with Leave to Amend**

   1.    <u>Hostile Work Environment Claim</u>

To succeed on her hostile work environment claim under Title VII, Ms. Cadet is required to establish that: (1) she was subjected to a hostile work environment, and (2) Overlake is liable for the harassment that caused the hostile environment to exist. *Fried v. Wynn Las Vegas*, 18 F.4th 643, 647 (9th Cir. 2021). To meet the first element, she must show: (1) she was subjected to verbal or physical conduct of a sexual or racial nature; (2) the conduct was unwelcome; and (3) "the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Id.* (citing *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002)); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) ("When the

workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." (cleaned up)). "To determine whether conduct was sufficiently severe or pervasive to violate Title VII," courts examine "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (citation omitted).

Overlake contends that Ms. Cadet's allegations are conclusory, and that the few specific harassing comments she alleges amount to isolated incidents or offhand comments that are insufficient to state a hostile work environment claim. Dkt. No. 11 at 5–6. In addition, Overlake avers that Ms. Cadet has not alleged sufficient facts to show that Overlake knew of the alleged harassment and failed to correct it. *Id.* at 7.

Ms. Cadet's response to the motion includes new allegations absent from her complaint. *Compare* Dkt. No. 5 at 4–6, *with* Dkt. No. 17 at 4–6. As Overlake notes, Dkt. No. 18 at 4, the Court's review is generally limited to the contents of the complaint subject to exceptions not applicable here; the Court cannot consider new allegations raised in response to the motion to dismiss. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint"); *Schneider v. Cal. Dept of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). The Court thus confines its review to the allegations in the complaint. Those allegations, which fail to detail by whom and how often the offensive comments were made, are insufficient to show that

"the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Fried*, 18 F.4th at 647.

Ms. Cadet also alleges that she was constructively discharged because of her coworkers' treatment. Dkt. No. 5 at 7. "Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004). To establish that she was constructively discharged, a plaintiff "must make a further showing" beyond demonstrating a hostile work environment: "She must show that the abusive working environment became so intolerable that her resignation qualified as a fitting response." *Id.* at 134. "Creation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case." *Id.* at 149. Here, because Ms. Cadet's allegations are insufficient to demonstrate a hostile work environment, they are also insufficient to establish "the *graver* claim of hostile-environment constructive discharge[.]" *Id.*

Overlake further contends that Ms. Cadet has not alleged sufficient facts to show that Overlake knew of the alleged harassment and failed to correct it. Dkt. No. 11 at 7. While an employer can be liable "only for 'its own' acts," it "can create a hostile work environment by failing to take immediate and corrective action in response to a coworker's or third party's sexual harassment or racial discrimination the employer knew or should have known about." *Fried*, 18 F.4th at 647 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 759 (1998)). Here, Ms. Cadet does not allege that Overlake knew or should have known about the alleged harassment. *See generally* Dkt. No. 5.

For these reasons, the Court dismisses Ms. Cadet's harassment claims.

2. <u>Discrimination Claim</u>

Overlake contends that the complaint fails to state a claim for discrimination because it fails to include necessary factual allegations. Dkt. No. 11 at 5. Specifically, it argues that Ms. Cadet does not allege that she experienced an adverse employment action or that similarly situated employees outside her protected class were treated differently. *Id.*

A plaintiff can establish a prima facie case of discrimination under Title VII by demonstrating that: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for h[er] position; (3) [s]he experienced an adverse employment action; and (4) similarly situated individuals outside h[er] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (quoting *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 604 (9th Cir. 2004)); *see also Crowe v. Wormuth*, 74 F.4th 1011, 1035–36 (9th Cir. 2023).

Even construed liberally, Ms. Cadet's complaint lacks the factual allegations necessary to state a claim. While a constructive discharge can constitute an adverse action at least in some circumstances, *Jordan v. Clark*, 847 F.2d 1368, 1377 n.10 (9th Cir. 1988), Ms. Cadet has not alleged sufficient facts to state a claim for constructive discharge as set forth above. Nor has she alleged facts to show that similarly situated individuals outside her protected class were treated more favorably, or other circumstances giving rise to an inference of discrimination. *Fonseca*, 374 F.3d at 847.

Ms. Cadet's complaint alleges that she was discriminated against based on a perceived disability. Dkt. No. 5 at 6. However, she has alleged only a Title VII claim, *id.* at 3–4, and Title VII does not encompass a claim based on perceived disability, *Iwaniszek v. Pride Transport Inc.*, No. 2:17-cv-02918-JCM-PAL, 2019 WL 609631, at *3 (D. Nev. Feb. 13, 2019) (explaining that

under federal law, discrimination based on disability or perceived disability is prohibited by the Americans with Disabilities Act, not Title VII).[2] Accordingly, the complaint fails to state a discrimination claim under Title VII.

        3.   <u>Leave to Amend</u>

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (cleaned up)). Here, it is not "absolutely clear" that Ms. Cadet cannot amend her complaint to state a claim, so the Court grants her leave to amend.

**D.    Ms. Cadet is Granted a Further Opportunity to Serve Overlake**

Because the Court has granted Ms. Cadet leave to amend, it also addresses whether she has properly served Overlake. She has not.

Ms. Cadet's attempted service with the summons alone was insufficient because the complaint must be served with the summons. Fed. R. Civ. P. 4(c)(1); Dkt. No. 17 at 1. Nor did she effect service by personally mailing or hand-delivering the summons and complaint to Overlake because a party is not permitted to effect service herself. Dkt. No. 17 at 1–2; Dkt. No. 20 at 3; Fed. R. Civ. P. 4(c)(2). In addition, Federal Rule of Civil Procedure 4(h) generally does not permit service on a corporation by mail. Fed. R. Civ. P. 4(h)(1); *Atanda v. Norgren (IMI Precision Eng'g)*,

---

[2] Overlake contends in its reply brief that Ms. Cadet failed to administratively exhaust her disability discrimination claim, Dkt. No. 18 at 3 n.1, but the Court does not reach that issue because Overlake asserted it for the first time in its reply, *see Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006).

ORDER GRANTING MOTION TO DISMISS - 8

No. C20-0796-JCC, 2021 WL 2805322, at *2 (W.D. Wash. July 6, 2021) ("When serving a corporation, Rule 4(h) requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." (cleaned up)).[3]

That said, the Court does not dismiss this matter for insufficient service because it is already dismissing for failure to state a claim and "[w]here it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Wick Towing, Inc. v. Northland*, No. C15-1864-JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016). Accordingly, the Court quashes Ms. Cadet's attempted service. Although the time period for Ms. Cadet to serve Overlake under Rule 4(m) has expired, the Court extends the service period in light of the fact that Overlake has not demonstrated prejudice. If Ms. Cadet files an amended complaint, she must properly serve the summons and any amended complaint under Federal Rule of Civil Procedure 4 no later than 30 days after she files the amended complaint. *See, e.g.*, *Wills v. Pierce Cnty.*, No. C19-5851-BHS, 2020 WL 2526589, at *3 (W.D. Wash. May 18, 2020) (quashing service and extending time to serve under Rule 4(m)); *see also Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 995–96, 999 (9th Cir. 2007) (an amended complaint need not be served as required under Rule 4 if "the original complaint [wa]s properly served").

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Overlake's motion to dismiss, Dkt. No. 11, and DISMISSES Ms. Cadet's complaint with leave to amend. If Ms. Cadet chooses to amend her

---

[3] To properly serve a corporation, a plaintiff must "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), or "follow[]state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(h)(1)(A) (referring to Fed. R. Civ. P. 4(e)(1)). Ms. Cadet has not served Overlake under either of these methods.

complaint, she must file it with the Court within 30 days of this Order. Her amended complaint must contain sufficient factual allegations as set forth above. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Cadet believes support each claim, and the specific relief requested.[4] The Court further ORDERS that if Ms. Cadet files an amended complaint, she must file proof of service under Rule 4 of the amended complaint and summons within 30 days of the date of filing the amended complaint. If Ms. Cadet does not file a timely amended complaint and proof of service, the Court will close this case.

Dated this 14th day of April, 2025.

Lauren King
United States District Judge

---

[4] Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court (https://www.wawd.uscourts.gov/representing-yourself-pro-se). Despite the leeway afforded to them, pro se litigants must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.

ORDER GRANTING MOTION TO DISMISS - 10