UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNETTE CADET,<br><br>            Plaintiff,<br>    v.<br><br>OVERLAKE HOSPITAL MEDICAL CENTER,<br><br>            Defendant. | CASE NO. 2:24-cv-01452-LK<br><br>ORDER REGARDING MOTION TO DISMISS AMENDED COMPLAINT |

This matter comes before the Court on Defendant Overlake Hospital Medical Center's Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim. Dkt. No. 25. Plaintiff Annette Cadet, who is proceeding pro se and *in forma pauperis*, opposes the motion. Dkt. No. 30. For the reasons set forth below, the Court grants Ms. Cadet one final opportunity to serve Overlake and defers consideration of the motion in the meantime.

**I.    BACKGROUND**

Ms. Cadet filed her complaint in this Court on September 12, 2024 alleging claims against Overlake under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination and

ORDER REGARDING MOTION TO DISMISS AMENDED COMPLAINT - 1

1  harassment based on her sex, race, and perceived disability status. Dkt. No. 5 at 3, 6. Overlake
2  filed a motion to dismiss. Dkt. No. 11. The Court granted that motion, finding that the complaint
3  did not sufficiently allege claims for a hostile work environment, constructive discharge, or
4  discrimination. Dkt. No. 21 at 4–8. The Court also found that Ms. Cadet had not properly served
5  Overlake. *Id.* at 8–9. The Court granted Ms. Cadet leave to amend and ordered her to file an
6  amended complaint and proof of service within 30 days. *Id.* at 9–10. Ms. Cadet then filed an
7  amended complaint, Dkt. No. 22, and service-related documents, Dkt. No. 24.

## II. DISCUSSION

Overlake moves to dismiss the amended complaint for insufficient service of process and failure to state a claim. Dkt. No. 25. Regarding the service issue, Ms. Cadet responds that she "mailed a copy of [her] amended complaint and summons within 30 days of AMENDED COMPLAINT to DEFENDANT'S mailing address via United States Postal Service Certified Mail with return receipt signed by the DEFENDANT'S agent." Dkt. No. 30 at 1.

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss for "insufficient service of process." A Rule 12(b)(5) motion "is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Brewster v. Seaside Tr. of Wash., Inc.*, No. C16-5732-BHS, 2016 WL 6494717, at *2 (W.D. Wash. Nov. 2, 2016) (citation modified). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be

satisfied.").[1] Although "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," "without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail*, 840 F.2d at 688 (citation modified); *see Hensley v. Interstate Meat Distrib., Inc.*, No. 3:19-CV-0533-YY, 2020 WL 1677658, at *2 (D. Or. Jan. 10, 2020) (even for pro se litigants, "[a] liberal construction of Rule 4 cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had" (quoting *Reeder v. Knapik*, No. 07-CV-362-L(LSP), 2007 WL 1655812, at *1 (S.D. Cal. June 5, 2007)). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Ms. Cadet has not met her burden of establishing valid service. In response to the motion to dismiss, she avers that she mailed the summons and amended complaint "via United States Postal Service Certified Mail with return receipt signed by the DEFENDANT'S agent." Dkt. No. 30 at 1. The Court's prior order informed Ms. Cadet that her first attempt at service was insufficient: she could not effect service herself or serve a corporation by mail. Dkt. No. 21 at 8–9. The Court also explained how to properly serve a corporation. *Id.* at 9 n.3. Still, Ms. Cadet repeated both errors. First, she mailed the materials herself, even though only a "person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Second, she sent the materials by mail, but Federal Rule of Civil Procedure 4(h) generally does not permit service on a corporation by mail. Fed. R. Civ. P. 4(h)(1); *Atanda v. Norgren (IMI Precision Eng'g)*, No. C20-0796-JCC, 2021 WL 2805322, at *2 (W.D. Wash. July 6, 2021)

---

[1] Because Ms. Cadet did not properly serve the original complaint, she is required to serve the amended complaint pursuant to Rule 4. *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 995–96, 999 (9th Cir. 2007) (an amended complaint need not be served as required under Rule 4 if "the original complaint [wa]s properly served").

ORDER REGARDING MOTION TO DISMISS AMENDED COMPLAINT - 3

("When serving a corporation, Rule 4(h) requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." (citation modified)).[2] Given these defects in service, Ms. Cadet has failed to carry her burden to show that service was proper, and the Court lacks personal jurisdiction over Overlake.

When the plaintiff fails to satisfy her burden of showing that service was valid under Rule 4, the Court "has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *see also Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). Here, the Court finds dismissal too harsh a result at this stage in light of Ms. Cadet's pro se status. *See, e.g.*, *Fuentes v. Nat'l Tr. Co. Deutsche Bank*, No. 22-cv-04953, 2023 WL 2278701, at *4 (N.D. Cal. Feb. 27, 2023). Instead, the Court quashes the invalid service of process, Dkt. No. 24, and grants Ms. Cadet an additional 30 days to serve Overlake.[3] Because Ms. Cadet has now received two extensions of the service deadline and this matter has been pending since September 2024, this will be her final extension of that deadline absent extraordinary circumstances. Finally, because Ms. Cadet has not effected service, the Court defers consideration of Overlake's motion to dismiss, including its request to dismiss pursuant to Rule 12(b)(6), for 30 days.

---

[2] Federal Rule of Civil Procedure 4 provides two methods of service on a corporate entity. First, someone other than the plaintiff may deliver a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(c)(2), (h)(1)(B). Second, a plaintiff may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under Washington law, personal service is effectuated on a corporation when someone other than the plaintiff delivers a copy of the summons "to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." Wash. Rev. Code § 4.28.080(9).

[3] As the Court previously explained to Ms. Cadet, materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court (https://www.wawd.uscourts.gov/representing-yourself-pro-se). Despite the leeway afforded to them, pro se litigants must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.

### III.  CONCLUSION

For the foregoing reasons, the Court DEFERS consideration of Overlake's motion to dismiss, Dkt. No. 25, and gives Ms. Cadet one last opportunity to serve Overlake. The Court ORDERS Ms. Cadet to serve Overlake as required by Federal Rule of Civil Procedure 4 and file proof of service within 30 days of the date of this Order. If she does not do so, the Court will dismiss her amended complaint for insufficient service of process. The Clerk is directed to renote Overlake's motion to dismiss, Dkt. No. 25, for September 12, 2025.

Dated this 13th day of August, 2025.

*Lauren King*
Lauren King
United States District Judge